IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV100-03-MU

| NORIS EUGENE HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| NURSE EVANS, NURSE COFFEY, | ) |
| OFFICER NICHOLS, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) filed July 23, 2010.

In his Complaint against Nurse Evans, Nurse Coffey and Officer Nichols, Plaintiff alleges that on April 15, 2010, he complained about the cleanliness of the razor he was using while on lock up. Screening Officer Nichols told him that the "c/o is to clean the razor with a tooth brush and H-24." Plaintiff contends that while H-24 is used, a tooth brush is not used. Plaintiff states that after shaving, spots started to appear around his neck. In response to his sick call request regarding the spots, Nurse Evans came to see him in lock up on April 20, 2010 and suggested that he stop shaving and use the state lotion.

Next, Plaintiff alleges that he filled out a sick call request regarding his asthma inhaler. Nurse Coffey responded to Plaintiff and indicated that he would have a breathing test on April 1, 2010. Plaintiff did not have the test on April 1, 2010 and he wrote another sick call request explaining that he was having trouble breathing at night. Plaintiff contends that he still has not been given a breathing test. While Plaintiff did not attach copies of the sick call request to his Complaint,

1

the Court notes that he did attach the sick call request to his previous Complaint which was dismissed without prejudice for failing to either pay the filing fee or complete an Application to Proceed In Forma Pauperis. The Court takes judicial notice of the sick call requests filed in connection with Plaintiff's previous Complaint and notes that in a June 2010 response, Nurse Coffey told Plaintiff that she would schedule the test as soon as she could but that the spirometer was broken and could not be used until it was repaired which required a part that had not yet come in. (See 5:10cv87 Doc. No. 1, at 7.)

By way of relief, Plaintiff asks "[t]o see the spots that are on my face that had spreaded, be awarded something for the stress, witch has me mad because I have all these spots on my neck and are now my chest and are going down my back." (Complaint at 4.)

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a cognizable claim upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's obligations, the Court is well aware that it is not required "to ignore a clear failure in the

pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Nor is this Court required to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), "to develop tangential claims from scant assertions in the complaint" Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. Of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997).

## II. ANALYSIS

To begin, a case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. With respect to Officer Nichols, Plaintiff has not alleges any deprivation of a right secured by the Constitution. Plaintiff alleges only that Officer Nichols told him about the appropriate procedure the commanding officers use to clean a razor. Plaintiff contends that the commanding officer did not follow the procedure. However, he does not allege any violation relating to Officer Nichols. Therefore, Officer Nichols is dismissed.

Next, Plaintiff's remaining allegations against Nurse Evans and Nurse Coffey include allegations of deliberate indifference to his serious medical needs. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth

3

Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estell, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, simple negligence is not a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

Applying the above legal precedent to the facts of this case, there are no facts that support a finding that Defendant Evans was deliberately indifferent to Plaintiff's medical needs. Plaintiff contends that in response to sick call request on April 20, 2010, Nurse Evans came to see him regarding spots around his neck that he believed he developed due to a unclean razor.

4

According to the Plaintiff, Nurse Evans suggested that he stop shaving and use the state lotion. Plaintiff opined that the state lotion "wont do anything." (Complaint at 3.) Plaintiff's allegations against Nurse Evans do not amount to deliberate indifference to his serious medical needs. Indeed, Nurse Evans came to see the Plaintiff in response to his sick call request and made specific suggestions, which Plaintiff did not agree with. However, disagreements between an inmate and a medical provider do not state a § 1983 claim.[1]

With respect to his deliberate indifference claim against Nurse Coffey, the Court notes that it appears that Plaintiff has not exhausted his remedies with respect to this claim. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to

---

[1] Even if Nurse Evans was negligent in her assessment of Plaintiff regarding the spots on his neck, negligence in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

5

exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, when asked about his grievance on his form Complaint, Plaintiff stated that he filed his grievance on April 15, 2010 and that his grievance was "about spots that came up after using the razor while on lock and it was never cleaned." (Complaint at 2.) In his previous Complaint alleging the same claims, Plaintiff attached his grievances, in which he complained only about the razor and did not include any complaints regarding his failure to receive an inhaler or the testing required for a prescription for an inhaler. (See 5:10cv87 Doc. No. 1.) Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's filings that he has not fully exhausted all three levels of the grievance process regarding his failure to receive an inhaler prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice regarding this specific claim. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

## III. CONCLUSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state facts in his Complaint which establish violations of the Constitution with respect to his claims against Nurse Evans and Officer Nichols. Moreover, Plaintiff has not exhausted his claim against Nurse Coffey.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed without prejudice with respect to his claim against Nurse Coffey. Plaintiff's Complaint is Dismissed with prejudice with respect to his claims against Officer Nichols and Nurse Evans.

**SO ORDERED.**

Signed: August 9, 2010

Graham C. Mullen
United States District Judge